By the Court. Sandford, J.
There are two classes of wharves and piers in the city of New York; the one owned by individuals, the other by the corporation of the city. Some of the slips in the city belong to the corporation, while others lie between private piers, or adjoin a public or a private pier. The city government is by law authorized to make all such ordinances as it may deem proper, for regulating both classes of wharves and piers, as well as the slips. (2 R. L. 436, § 236.) By a statute passed in 1830, the corporation was empowered to pass laws designating and appropriating any of the public wharves, piers and slips, and such private wharves and piers in the city as the owners thereof might apply to have so designated or appropriated; for the exclusive use of steamboats, or of any other class or description of ships or vessels ; and to restrain and prohibit any ship, steamboat, or other water craft, from coming into, or lying, mooring or anchoring, at or within any wharf, pier or slip, except the one so designated for their use; and to impose penalties for the violation of such laws. (Laws of 1830, ch. 222, page 242.) The ninth section of the second title of the ordinance relative to “ Vessels, Wharves and Slips,” passed May 8th, 1839, (Corporation Ordinances, page 335, Ed. of 1845 ;) inflicts a penalty of $25 on the master, &c. of any steamboat or barge, tow boat, &c., connected with any steamboat establishment, which shall come into or lay at or within any of the public docks, wharves, piers or slips- of the city, or shall, occupy the water belonging to the same, unless by special permission of the dock master, mayor, or other officer mentioned in the ordinance.
The offence for which the plaintiffs below recovered the penalty in this suit, was the laying of a barge across the entrance to the southerly side of pier No. 17, on the Hudson river, so as to obstruct the passage to and from the pier. It was proved, that pier No. 17 was private property, and had been leased by the owners to Simeon Fitch, and that the common council and the mayor had appropriated the southerly side of the pier to the exclusive use of the owners of two steamboats, during the period in question, provided the consent of the proprietors of the *260 pier were first obtained. It was assumed that Mr. Fitch was the owner of the steamboats so permitted and designated.
The sole point in the case is, whether the ordinance imposing the penalty applies to private wharves and piers. It is plain that in express terms, it does not, for it speaks only of public wharves, piers, &c. But it is contended, that for the purposes of legislation and of police regulations of trade and commerce, and in view of the objects of the ordinance, all docks, wharves and slips, are public, and are under the control of the city authorities.
As to this argument, it may be remarked, first, that it is not well founded in respect of general legislation. The distinction between the wharves and piers owned by the city, and which are usually designated as public wharves, and those owned by individuals, is uniformly maintained in the laws of the state relating to this city, and in no statute is it more emphatically marked than in the act of 1830, which confers on the corporation the power to set apart wharves, &c., for certain classes and lines of vessels exclusively, and to protect their exclusive enjoyment by imposing penalties on intruders.
So in the municipal legislation, from a very early period, in the provisions regulating the wharves, &c., belonging to the city, they are designated indifferently as “ public slips,” «fee., and as “ wharves, piers, docks or slips, belonging to the corporation ;” whereas, in ordinances evidently applicable to all the wharves and slips, whether owned by the corporation, or by private persons, the language used is general, viz.: “ any of the docks, wharves, piers or slips of this city.” For example, in the ordinances of 1808, the provisions as to incumbrances and obstructions on the wharves and piers, and the emptying of the contents of privies, adopt the general language; while those regulating the coming into slips which are in process of cleansing, the use of piers by small coasters, and the length of time which vessels may lay at the piers; adopt the expression “ public wharves,” &c., and “ wharves, &c., belonging to the corporation.” The same distinction and modes of expression, are found in the ordinances of 1812, in which they are more numerous than in those of 1808. The number of illustrations *261 of the same character is vastly increased in the revised ordinances of 1845; and private wharves are in those expressly recognized.
Indeed, after a careful examination of the published volume of ordinances now in force, we can find no sanction for holding, that in respect Of police regulations, or those affecting trade, all wharves and piers are public, within the purview of the ordidinances relative to vessels, wharves, and slips.
We do not anticipate the evil consequences, which the counsel for the plaintiffs below presents as the result of construing the ordinance in question according to its express terms. In general, private rights do not need the protection of municipal ordinances attaching penalties to their invasion. The laws provide adequate remedies for the redress of injuries to the owners or lessees of private piers and wharves; and we can perceive no necessity for straining the language of an ordinance, which may be expedient and important for the protection of public property, to cover what is after all a trespass or a tort against individual rights. It may be conceded, that the authority of the city government, under the act of 1830, extends to the regulating in this mode the private wharves, which under that act are from time to time designated for the exclusive use of steamboats, &c.; but it does not follow that the authority has ever been exercised.
We are clear, that the ordinance in question does not apply to private wharves and piers; and the recovery in the court below was erroneous.
Judgment reversed.