The important question in this case, arises upon the motion for a nonsuit, made when the plaintiff rested his case. It was based upon three grounds.
The first was, that the proof showed that the defendant was not in the possession of the pier, at the time of the accident. I think that such is the clear result of the proof. The witness Patten, was the agent of the Rhinelander estate, which owned the south half of the pier. He testified that the defendant, immediately on taking the lease of that half from that estate, relet it to the Hudson Steamboat Company, an old, established line; that the defendant did not occupy it; that the company did occupy it, and had occupied it for some years prior to "this time." By "this time," I infer, is meant the time of the accident. This testimony was not varied nor weakened, by the attempt to show that the defendant and the company were the same thing.
This state of facts presents the question of law, whether a lessee of premises, who is not in actual possession thereof, who has sub-let them to another, who is in the actual occupation and use of them, is liable for an injury to the property of a person lawfully upon them therewith, resulting from a neglect to keep the demised premises in repair. I say, "for an injury to the property of a person lawfully upon them therewith." This is not put upon the ground that the south half of the pier was a public place or highway. It was private property to a certain degree, (Vandewater v. City of New York, 2 Sandf., 258), though held as such for public objects; (Murray v. Sharp, 1 Bosw., 539; see also Stevens v. Rhinelander, 5 Robt., 285.) It is not necessary, for the purposes of this case, to declare that it was a public place or highway. It was, however, thrown open for entrance upon, by all persons of the calling in life of the plaintiff. By the use to which it was put by the occupant, from which a profit to him was directly or indirectly derived, and which persons of the calling of the plaintiff aided, there was a license and an invitation given to the plaintiff, to come and go over this pier, in the following of his employment. *Page 133 
Thus he had, at that time, a right to be there in his avocation, and with the means and appliances for the pursuit of it; Corby
v. Hill (4 C.B. [N.S.], 556), which was the case of an obstruction, negligently put in a private way, over which plaintiff had invitation to pass; Frees v. Cameron (4 Rich., 228), which was the case of a negligent omission, by a shopkeeper, by which a customer was injured. And see Indermaur
v. Dames (1 L.R. [Com. Pl.], 274; S.C. in error, 2 id., 311). The pier being kept open to that portion of the public of which the plaintiff was one, for the profit of the sub-tenant, there was imposed upon him the duty of taking care, so long as it was thus kept open, that those who had lawful right to go there, could do so without danger to their property. (Lan. Canal Co. v.Parnaby, 11 Ad. Ell., 223; Thompson v. N.E.R.W. Co., 2 Best Smith, 106.)
Assuming, for the present, that the pier was out of repair; that the ill condition of it caused the injury to the plaintiff; that there was negligence in permitting the pier to be out of repair; that there was no contributory negligence on the part of the plaintiff, the occupant was liable to him for the damage which he suffered. Generally speaking, the person responsible for a nuisance, is he who is in occupation of the premises on which it exists. It may be that others may be also liable. (Hadley v.Taylor, 1 L.R. [Com. Pl.], 53.) The defendant, we have seen, was not the occupier at the time. He rather, though in fact the lessee thereof, stood in the position of landlord to the actual occupant and to third persons. As between him who is the landlord and owner, and him who is the lessee and occupant of premises, there is, in general, no obligation upon the former to keep them in repair, when he has made no express contract to that effect. And, if the premises are in good repair when demised, but afterward become ruinous and dangerous, the landlord is not responsible therefor, either to the occupant or to the public; unless he has expressly agreed to repair, or has renewed the lease after the need of repair has shown itself. (Todd v.Flight, 9 C.B. [N.S.], 377, and cases cited there.) And *Page 134 
this rule applies to a lessee who has in turn sub-let, and is out of possession, as well as to an owner and prime lessor.
It is not shown that the defendant agreed with the sub-tenant to keep the pier in repair. I think that it is not shown that it was in a ruinous and dangerous state when he sub-let. The injury befell the plaintiff in 1865, in June. The lease to the defendant was in 1860, in August. The defect in the pier, causing the damage, was the result of gradual decay, or of the ordinary wear and tear. It is not to be presumed, that from such cause, it had been unsafe and dangerous, continuously and uninterruptedly, for the space of five years. Nor does the testimony show that such was the fact. The plaintiff claims that the pier was in bad condition when the defendant took it, and says upon his points, that the witness Patten testified, that it needed repairs badly when it was leased to him. It is true that that witness gives evidence that, prior to the accident (in 1865) such was the case; but he does not carry the time back to the date of the lease to the defendant, and of his reletting. It is true, also, that the plaintiff, when a witness on the trial, stated that it had been out of repair a long while — for four or five years more or less — and for a year had been, in places, dangerous to go upon, but was not dangerous where the accident occurred. He comes short of explicitly saying, that as early as 1860, it was in dangerous plight. As it was for the plaintiff to make out a case against the defendant on this branch of it, he must show affirmatively, that the pier was out of repair to the degree of insecurity when the defendant relet it. The testimony falls short of this, and would not have sustained the verdict of a jury to that effect.
The plaintiff insists that the defendant held to him the relation of owner of the pier, and that as such, or as lessee, he was bound to keep the place in repair. Numerous authorities are cited; we have examined all of them. It will be found that in them the liability of the defendant is placed upon one of these grounds, viz.: That he owned, or had right in, the premises, and leased them with the nuisance *Page 135 
upon them; that he was in the possession of the premises, and used them in their defective condition; that he was under a contract, enforceable by plaintiff, to keep the premises in repair, and failed so to do; that he, in the first instance, created the nuisance, and put it in the power of others to continue it; or, that being a municipal corporation, there was a duty upon it to repair. If there are authorities which, in the remarks of the court, reach further than this, as does Benson
v. Suarez (19 Abb., 65), they will be found to go beyond the needs of the case then in hand.
The plaintiff relies upon Rosewell v. Prior (2 Salk., 459, 460), which is one of a class. But there, the landlord and owner had himself, while in possession, erected the building which was the nuisance to the plaintiff, and afterward continued it by letting it for use, and received rent for the use — thereby profiting from its continuance. He let the land with the nuisance upon it, which he was not to do. If a landlord let premises, not in themselves a nuisance, and it is entirely at the option of the tenant to so use them or not as that they shall not become so, and the landlord will receive the same benefit if they be not so used, the landlord is not responsible, if by the careless use by the tenant they become a nuisance. (Rich v. Basterfield, 4 Man., Gr. Scott [56 E.C.L.R.] 783.)
It seems, then, that the defendant was not liable to the plaintiff, on any ground yet considered. The case was put to the jury, however, that the defendant was liable if he had failed to keep his covenant with his landlord, to make all ordinary repairs to the premises, at his own expense and without delay. The jury were instructed, that if the accident took place in consequence of a condition of things, which could have been obviated by his compliance therewith, then he was liable. This is an erroneous view of the law of the case. There was no exception taken to this instruction. It needs notice, however, for if correct, it is an answer to the motion for a nonsuit on the ground that the defendant was not in the possession of the premises. *Page 136 
The covenant is from the defendant to his landlord, and to no one else. The plaintiff has, under the facts of this case, no privity in it, nor any legal right or interest in it; he is not a party to it, nor was it made avowedly for his benefit. Had the landlord, for any reason, been liable to the plaintiff for the decayed state of the pier, the plaintiff might, by reason of the covenant, have had an action against the defendant. (See City ofBrooklyn v. Brooklyn City R.R., 47 N.Y., 475-483, and cases cited.) But, the landlord not being in possession, nor having agreed with any one to keep in repair, nor having made nor renewed a lease of the premises when the bad state of them existed, is not liable to the plaintiff. This is not an action upon the covenant of the defendant; it is expressly put, by the complaint, upon the duty of the defendant, as possessor of the pier, to keep it in repair. If it were an action upon the covenant it could not be maintained. The plaintiff is not a party thereto nor in privity therewith; nor can this action be maintained as one of tort, founded upon a breach of the covenant. Doubtless, where a covenant creates a duty, a neglect to perform that duty is a ground of action for tort. But whenever a wrong is founded upon a breach of contract, the plaintiff suing in respect thereof must be a party or privy to the contract; else, he fails to establish a duty toward himself on the part of the defendant, and fails to show any wrong done to himself. (Tollit v.Sherstone, 5 M. W., 283; and see Blakemore v. B. E.Railway, 8 Ell. Bl., 1035.)
The second and third grounds of the motion for a nonsuit cannot be maintained. Though there had been testimony given that the pier needed replanking throughout prior to the accident; that ordinary repairing would not be thorough, and would not last long; that it required replanking and rebuilding to make it safe to drive upon; yet, it was also testified — which is prevalent against the second ground of the motion — that ordinary repairing, from day to day, though not thorough and not lasting, would have made it safe. We do not say, if the testimony had been otherwise, *Page 137 
that the failure of the defendant's lessor to keep his covenant (if such there be in the lease) for extraordinary repairs, would excuse the defendant from answering for an injury happening on the pier, if liable therefor, and by reasonable care in giving warning, or otherwise, he might have averted it.
Doubtless, the question of the plaintiff's contributory negligence was in the case. It was not so clear that he was negligent, as that the court would have been warranted in granting a nonsuit on that ground. It was for the jury as a question of fact, and it was fairly submitted to them.
There are other questions raised by the defendant which it is not important to consider at length. We dispose of them briefly, as follows: There was no error in refusing the requests to charge. The testimony received, after objection by the defendant, was properly admitted. The testimony offered as to value, from the witness Vandemark, might have been received properly.
For the reasons given, there should be a reversal of the judgment, and a new trial, with costs to abide the event.
All concur.
Judgment reversed.