HEARD NOVEMBER TERM, 1877.

RAILROAD COMPANY *vs.* RAILROAD COMPANY.

In the absence of any contract between the owners of two connecting railroads, one cannot maintain an action against the other for failing to ship cotton over the plaintiffs' road which the other road had transported to the point of connection; and the fact that the owners of the cotton had contracted with the plaintiff to ship the cotton over its road does not give it a right of action against the defendant.

No action can be maintained against a defendant for a wrong committed by him, unless he was under some legal obligation to the plaintiff which bound him to abstain from committing it.

BEFORE COOKE, J., AT RICHLAND, MAY, 1876.

This was an action by the Wilmington, Columbia and Augusta Railroad Company against the Greenville and Columbia Railroad Company.

The complaint alleged as follows:

1. That the plaintiffs are a corporation created by and under the laws of this State, organized pursuant to an Act of the General Assembly entitled "An Act to charter the Wilmington and Manchester Railroad Company," passed the 18th day of December, A. D. 1846, and another Act of the General Assembly entitled "An Act to incorporate the Wilmington and Carolina Railroad Company," approved March 1, 1870, incorporating the purchasers of the Wilmington and Manchester Railroad, in pursuance of the provisions of which last named Act the name and style of The Wilmington, Columbia and Augusta Railroad Company was duly chosen by a majority of the said purchasers; and that at the times hereinafter mentioned, the plaintiffs, being such corporation, were common carriers of goods for hire, between Augusta in the State of Georgia and Wilmington in the State of North Carolina, and form part of a through connecting line to the city of New York.

2. That the defendants are a corporation created by and under the laws of this State, organized pursuant to an Act of the General Assembly entitled "An Act to authorize the formation of the Greenville and Columbia Railroad Company," passed the 15th day of December, A. D. 1845; and that, at the times hereinafter mentioned, the defendants, being such corporation, were common carriers of goods for hire between Greenville and Columbia.

3. That heretofore, to wit, on the 28th day of October, A. D. 1874, and on divers other days and times between that day and the

commencement of this suit, the said defendants received from sundry persons on the line of the defendants' road eight hundred and thirty-six bales of cotton, to be transported by the defendants from the places where shipped to Columbia, and to be there delivered to the agent of the plaintiffs at that place in accordance with the terms of receipts to that tenor and effect given by the defendants to the shippers of said cotton; a schedule of which said shipments, containing the date when, the places where, the persons by whom and the number of bales shipped, together with the marks of bales, the names of the consignees and the destination of said bales of cotton, is hereunto annexed marked "Schedule A."

4. That the defendants did transport the said cotton from the respective points of shipment thereof to Columbia, and it thereupon became and was the duty of the defendants, according to the terms of said receipts, and the custom of dealing among railroad companies in such cases, to deliver the said eight hundred and thirty-six bales of cotton to the agent of the plaintiffs at Columbia aforesaid, when they should be thereunto duly requested.

5. That the defendants, not regarding their duty in this behalf, have hitherto willfully and unlawfully failed and refused to deliver the said eight hundred and thirty-six bales of cotton to the plaintiffs, although thereunto duly requested, and still do fail and refuse so to do.

6. That according to the custom of dealing among railroad companies, insomuch as the said cotton was consigned to be transported over the route of which the plaintiffs' road forms a part, the plaintiffs are responsible to their connections along said route for the proportion of freight money due their said connection.

7. That by reason of the wrongful conduct of the defendants, as aforesaid, the plaintiffs have been deprived of their legitimate gains and profits which they would have derived from their proportion of the freight money for the transportation of the cotton aforesaid, and will be compelled to account, in settlement of freight exchanges with their said connections, for the proportional part of said freight money due them.

8. That by reason of the premises the plaintiffs have been injured as aforesaid, to their damage, two thousand nine hundred and twenty-six dollars.

Wherefore the plaintiffs demand judgment against the defendants for the sum of two thousand nine hundred and twenty-six dollars and the costs of this action.

The defendant demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action. His Honor sustained the demurrer and the plaintiff appealed.

*Rion,* for appellant.

*Melton, Chamberlain & Wingate,* contra.

March 15, 1878. The opinion of the Court was delivered by

McIver, A. J. This action was brought to recover damages alleged to have been sustained by the plaintiffs, the owners of a railroad running from Augusta, Ga., to Columbia, S. C., and thence to Wilmington, N. C., by reason of the refusal of the defendants, the owners of a railroad running from Greenville to Columbia, S. C., to deliver to the plaintiffs 836 bales of cotton, shipped by sundry persons along the line of the Greenville and Columbia Railroad and consigned to various persons in the city of New York. The bills of lading given by the defendants to the shippers specify that the cotton was to be forwarded by the Atlantic Coast Line—a through connecting line to the city of New York, of which the plaintiffs' road forms a part. The damages claimed is the amount of freight which the plaintiffs would have been entitled to if the cotton had been transported over their road and also the freight which would have been earned by the other connecting links, for which it is alleged the plaintiffs are liable according to the custom of dealing among railroad companies. The defendants demurred upon the ground that the complaint does not state facts sufficient to constitute a cause of action, and, the Circuit Judge having sustained the demurrer, the plaintiffs duly excepted and now bring this appeal.

It will be observed that while the complaint does not present the case of an action *ex contractu,* it is, and must necessarily be, founded upon or grow out of the contract evidenced by the bills of lading; for without such contract the plaintiffs would have no more cause of complaint than they would that *every* bale of cotton or other article brought to Columbia by the defendants for transportation to New York was not shipped by their trains. In order to maintain this action the plaintiffs are bound to show not merely that they have sustained damage or loss by the acts or omissions of the defendants, but they must also show that such damage or loss has

been the result of the violation of some *legal* right of the plaintiffs. Now, in this case the damage or loss complained of is the withholding the cotton from shipment by the plaintiffs' trains ; but where is the legal right which has been violated ? If it exists at all, it must necessarily, as we have seen, be founded on the contract contained in the bills of lading ; for unless the plaintiffs have a *legal* right to have *all* the cotton brought to Columbia by the defendants for shipment to New York shipped by their trains, which of course is not pretended, then there is no conceivable reason why they can claim the *legal* right to have this particular cotton so shipped except by virtue of such contract. But the obligations which the defendants incurred and the duties which they owed by reason of that contract were to the shippers and not to the plaintiffs. Hence the legal right acquired by that contract inured to the shippers and not to the plaintiffs.

This is clear, from the fact that the shippers alone could release the defendants from the obligations incurred by that contract, and might, at any time, with the consent of the defendants, vary or modify, or even abrogate, the contract, without any regard to the consent or the wishes of the plaintiffs. If, then, the plaintiffs are compelled to base their action upon such contract or upon the damages which they have sustained by reason of the violation of the obligations or duties which the defendants thereby assumed, the only question remaining is, can the plaintiffs, who are not parties or privies to such contract, maintain this action ? Clearly they cannot; for whether the action be brought directly upon the contract or is in the nature of an action on the case for damages sustained by reason of its breach, it is plain, both on principle and authority, that the action cannot be maintained except by those who are either parties or privies to such contract.

· In Addison on Torts, third edition, pp. 11 and 12, it is said: "It is essential that the thing complained of should be legally wrongful as regards the party complaining,—that is, it must prejudicially affect him in some legal right; merely that it has done him harm is not enough." And at page 13, he says: "Whenever an action of tort is founded on contract * * * * * the plaintiff who brings the action must be a party to the contract, for no person can, in general, sue in respect of a tort founded on contract who was not a party or privy to and could not have been sued upon the contract."

In *Clancy* vs. *Byrne*, (56 N. Y., 129,) [also reported in 15 Amer. Rep., 391,] which was an action to recover damages sustained by the plaintiff in the loss of his horse, occasioned by a rotten plank in a pier, brought against the defendant, the lessee of the pier, who had covenanted with his landlord to make all necessary repairs, and had sublet the pier to a third person, the Court, while intimating that the defendant might be liable upon other grounds, uses this language: "This is not an action upon the covenant of the defendant. * * * * If it were an action upon the covenant it could not be maintained. The plaintiff is not a party thereto, nor in privity therewith; nor can this action be maintained as one of tort, founded upon a breach of the covenant. Doubtless where a covenant creates a duty a neglect to perform that duty is a ground of action for tort. But whenever a wrong is founded upon a breach of contract, the plaintiff suing in respect thereof must be a party or privy to the contract, else he fails to establish a duty towards himself on the part of the defendant and fails to show any wrong done to himself."

In *Gray* vs. *Ottolengui*, (12 Rich., 108–9,) Withers, J., in delivering the opinion of the Court, says: " Whenever redress is sought for an injury arising out of a breach of a contract, whether the action be conceived in form *ex contractu* or *ex delicto*, some privity of contract must limit the range of a plaintiff in seeking those who are liable to him." See also *Winterbottom* vs. *Wright*, 10 Exch. Rep., Mees. & Wels., 109, and the other authorities cited in respondent's brief.

We are, therefore, unable to perceive any error in the decision of the Circuit Judge.

The motion is dismissed.

*Willard*, C. J., and *Haskell*, A. J., concurred.