### O'BRIEN v. GREENBAUM.

(*Supreme Court, General Term, First Department.* March 29, 1889.)

1. DANGEROUS PREMISES—LANDLORD'S LIABILITY.

The owner of premises who has rented them, and retains no control over them, is not liable for an injury caused by a cellar door, covering a cellar entrance on the premises, and used by the tenant, becoming and remaining out of repair and unsafe, where there is no evidence that it was in such condition when rented.

2. SAME—NEGLIGENCE—NUISANCE—PLEADING.

An action for such injury against the owner cannot be sustained on the ground that, because no permission is shown for the maintenance of the cellar opening, it was a nuisance, and its original construction wrongful, where the complaint alleges a cause of action based on defendant's negligence in allowing the door to become and remain in an unsafe condition.

Appeal from circuit court, New York county.

Action by John O'Brien, a minor, by John O'Brien, his guardian *ad litem*, against Louis Greenbaum. Complaint dismissed, and plaintiff appeals.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Louis F. Post* and *Samuel Ashton,* for appellant. *Hays, Greenbaum & Schram,* for respondent.

VAN BRUNT, P. J. This action was brought to recover damages sustained by the plaintiff by reason of the defendant's negligence in allowing a cellar door covering the opening to a cellar on premises No. 313 East Thirty-Eighth street, New York city, of which it was alleged the defendant was the owner, to become and remain out of repair, and in a broken and unsafe condition. It appears from the evidence in the case that defendant was the landlord of the premises in question, and that the store and cellar thereof had been rented to one Thomas McCurran, who kept a liquor store on the premises above the cellar, and used the cellar for storing barrels. But it did not appear that the defendant had any control of any kind over the cellar, or any right to enter upon the premises for the purpose of making repairs or doing any other act; and the only testimony that the defendant had anything whatever to do with the premises was the evidence of a witness who testified that he collected the rent from the tenants, and paid them over to defendant, and that defendant employed him to collect such rents; and also the evidence of one Fromme, who swore that when he served the summons and complaint herein he asked defendant if he was the owner, and he said he was. It further appeared from the evidence that the opening in question forming the entrance to the cellar had been built for more than 18 years, and that this opening has always been covered by wooden cellar doors, one of which had been broken a short time before the happening of the accident by a horse coming out of an alley next door to the premises and stepping upon the door. There was no evidence that defendant had any knowledge of the broken door, or of a barrel having been placed in the opening. The testimony further showed that the plaintiff at the time of the accident was 12½ years of age, and resided directly opposite the premises in question, and that for 5 years he had resided at No. 312 East Thirty-Eighth street, which is nearly opposite said premises; that he had worked for about a month and a half as cash-boy for John E. Corcoran, and subsequently as call-boy for a Mr. Leisener. Prior to being employed in those capacities he had been to a private school in Thirty-Sixth

street, and could read and write, and had studied arithmetic, grammar, and history. The testimony shows that the boy, although only $12\frac{1}{2}$ years old, was an intelligent, bright, and active youth. It further appeared that he had been in the habit of playing on the street on both sides of the way, and was well acquainted with the premises in question, the cellar door and its surroundings, and that he knew the cellar door was broken, and that a barrel had been put in there, and that he had played there every evening around the door after coming home from work. Before the accident he was thoroughly acquainted with the situation of the premises, and the condition of the opening into the cellar, and knew the dangers incident to persons getting into the two-feet space between the barrel and the window. Although there was plenty of room on the sidewalk between the barrel and the curb, he went up to the barrel, and leaned his hand upon it, when the barrel tipped up, and he fell down into the cellar. Upon this state of the evidence a motion was made at the close of the plaintiff's case to dismiss the complaint, which motion was granted.

It seems to be sought to support the plaintiff's claim in this action upon the ground that, because no permit had been shown for the maintenance of this cellar opening, it was a nuisance, and its construction was a wrongful act upon the part of the defendant. It does not seem as though the cause of action could be changed from one of negligence to an action because of maintaining a nuisance, as is attempted to be done. The complaint clearly sets out an action based upon the negligence of the defendant. This was the cause of action which he was called upon to meet, and he was not required to anticipate that a claim would be made that the original construction was unlawful or wrongful. He was only required to meet the allegation that it was the duty of the defendant to keep the premises in a reasonably safe and proper condition, and that he negligently and carelessly allowed the same to remain in a broken and unsafe condition and out of repair, etc. It is immaterial, therefore, as far as this action is concerned, whether this excavation was rightfully or wrongfully maintained.

The action depending upon the negligence of the defendant, such negligence must necessarily be established; and it can only be established by showing either that at the time of the renting of these premises this cellar door was in this unsafe condition, or that at the time of the happening of the accident he had some control thereof. It appears, however, that the premises were rented, and that they were being occupied by some other party, and under these circumstances there is no presumption that the landlord retains the control of any portion of the premises. The tenant is presumed to be entitled to the exclusive occupation of those portions of the premises which he had rented. The tenant in this case had rented the store and cellar, and used this opening into the cellar for the purposes of his business. It would appear, therefore, that the landlord had no control over these premises while they were in the custody of his tenant; and, there being no proof that they were out of repair at the time they were let, he cannot be charged with having been guilty of any negligence with reference to the maintenance thereof. If any person has been guilty of negligence, it is the tenant who is in occupation of the premises, and for his fault the landlord is not liable. The judgment appealed from should be affirmed, with costs. All concur.