### STRAUSS v. HAMERSLEY.

*(Common Pleas of New York City and County, General Term.    April 6, 1891.)*

1. LIABILITIES OF LANDLORD—DEFECTIVE PLUMBING.
    The landlord of demised premises is not liable for damages, occasioned to adjoining premises by reason of defective plumbing, where it does not appear that he either left or relet the premises, after they had become unsafe for want of repair, or failed to make repairs according to his covenant, or failed in some statutory duty with respect to the premises.

2. CONSTRUCTION OF LEASE.
    The term "basement," employed in a lease, includes the "cellar" upon the demised premises.

Appeal from fourth district court.

Action by Simon Strauss against William L. Hamersley to recover damages for injuries to plaintiff's premises caused by the want of repair of the plumbing work on the adjoining premises, owned by the defendant. There was a judgment for the plaintiff, and the defendant appeals.

Argued before DALY, C. J., and BISCHOFF, Jr., and PRYOR, JJ.

*W E. Gilhooly,* for appellant.    *C. L. Cohn,* for respondent.

BISCHOFF, J. In an action against the owner of premises to recover damages for injuries accruing from the defective condition thereof, where such premises at the time when the injuries were sustained are shown to have been in the possession and control of a tenant or lessee of the owner, the presumption is that the defective condition was the result of negligence on the part of such tenant, lessee, or occupant, (*Kastor* v. *Newhouse,* 4 E. D. Smith, 20; *Edwards* v. *Railroad Co.,* 98 N. Y. 245, 251;) and to overcome this presumption the person seeking to charge the owner must affirmatively show that the want of proper repair resulted from his negligent omission. But, to charge the owner with sufficient neglect, it must appear that the premises were in an unsafe or dilapidated condition when he left them, or that he relet the same after they had become unsafe and in want of repair, or that, contrary to his covenant so to do, he omitted to make the necessary repairs, (*Clancy* v. *Bryne,* 56 N. Y. 129, 135; *O'Brien* v. *Greenbaum,* 4 N. Y. Supp. 852;) or that he failed with respect to the premises to perform some duty imposed upon him by statute, (Wood, Landl. & Ten. p. 618, § 384; Tayl. Landl. & Ten. p. 123, § 175.) Bearing the above in mind, we fail to perceive, in the case at bar, any facts which would justify recovery against the defendant. The evidence shows that plaintiff and defendant were the owners of adjoining premises, and that the plaintiff's premises were flooded by a leakage of water from the cellar of defendant's premises; that the store-floor and cellar of defendant's premises were at the time in the possession or control of one McIntosh, under a subsisting lease made by the defendant to him. It does not appear that any part of the premises so demised remained under the control of the defendant, or that the defendant agreed to keep the demised premises in repair. No evidence whatever was offered from which it could be inferred that the defendant's premises were in a defective condition when the same were let to McIntosh, and the evidence of the defendant to the effect that the premises were in a sufficient state of repair when they were let to McIntosh, and that the

latter during the term for which they were demised covenanted to do all need-ful repairs, remained wholly unchallenged by the plaintiff. It is true that the plaintiff attempted to show that the lease to McIntosh was no longer in force, but the only evidence offered in that behalf was the plaintiff's statement that McIntosh had failed, but it did not follow that, because of McIntosh's insolvency, his estate in the defendant's premises had become determined; and the defendant's uncontroverted statement that the rent for the demised premises had been paid to him up to a time long subsequent to the time of the happening of the injury to plaintiff's premises leads to the conclusion that the lease was then in full force and effect. Counsel for respondent, in his brief on this appeal, calls our attention to the fact that the lease in evidence refers only to the store and basement, and that, inasmuch as the leakage complained of is alleged to have occurred in the cellar of defendant's premises, and it not appearing that the cellar was demised to McIntosh or some other person, it must be presumed to have been in the possession or control of the defendant. The record of the proceedings at the trial, however, shows that the terms "basement" and "cellar" were applied to one and the same part of the premises demised to McIntosh, and we cannot, therefore, in justice to the defendant, for the purposes of this appeal, assume that the "cellar" referred to premises other than those included in the lease. The judgment should be reversed, and a new trial ordered, with costs to abide the event. All concur.