BOLSTER v. ITHACA ST. RY. CO.

(Supreme Court, Appellate Division, Third Department. January 14, 1903.)

1. STREETS ON PRIVATE GROUNDS.

A street located on the campus of a university, and on ground owned and controlled by the university, the use of which by the public has not been inconsistent with the university's private ownership thereof, is not a public street.

2. SAME—STREET RAILWAYS—CONSTRUCTION ON PRIVATE GROUNDS—MAINTENANCE—NEGLIGENCE—LIABILITY.

Cornell University authorized defendant street railway company to construct its tracks on a street within the university campus on an agreement by which defendant contracted to keep in thorough order all the construction necessary for its road. Plaintiff, a servant of one of the professors, living in the university with her sister, who was also employed in the university, had been driving in the country with a livery rig, and on returning the cutter was overturned by a defect in defendant's track on the college campus. The horse ran away and was killed, and the cutter injured. Held that, plaintiff having been impliedly invited to use the premises by the university, the latter owed her the duty of reasonable care to keep the street in repair, and that defendant, under its contract, was liable for the exercise of the same duty.

3. SAME—RIGHT OF ACTION—ASSIGNMENT.

The fact that the horse and cutter did not belong to plaintiff was immaterial, since the owner thereof had all the rights which plaintiff would have against defendant for their negligent injury, and on his assignment thereof to plaintiff she was entitled to recover therefor.

Appeal from trial term, Tompkins county.

Action by Lucy Bolster against the Ithaca Street Railway Company. From a judgment dismissing plaintiff's complaint, and from an order denying a motion for a new trial, she appeals. Reversed.

Plaintiff was driving upon a street called "South Avenue," in the city of Ithaca. Her cutter was overturned by the tracks of the defendant's road. The horse ran away and was killed, and damages for the injuries to the horse and cutter are what she seeks here to recover. Upon the trial the plaintiff's complaint was dismissed. From the judgment entered upon the direction of the court, and from an order denying a motion for a new trial, this appeal is taken. Further facts appear in the opinion.

Argued before PARKER, P. J., and SMITH, KELLOGG, CHASE, FURSMAN, and CHESTER, JJ.

Tompkins, Cobb & Cobb (M. M. Tompkins, of counsel), for appellant.

Halliday & Denton (E. A. Denton, of counsel), for respondent.

SMITH, J. The trial court properly held that the plaintiff had failed to prove that South avenue, at the place where this accident happened, was a public street. The location was upon the campus of Cornell University. This campus is the private property of the university. While there is some evidence to the effect that this

street had been used by the public for at least 25 years, the land has been owned by Cornell University for a longer period, and the streets upon the grounds of the campus were under the exclusive care and control of the university. There was no such use of the streets as was inconsistent with that private ownership; none other than the use permitted by the authorities of the university.

The defendant had constructed its tracks upon the grounds of the university, crossing this South avenue, upon an agreement executed with the university whereby it entered under permission, which might be revoked at any time after three years, and under an agreement on its part "to carefully construct and keep in thorough order" all construction necessary for said road. There was some complaint as to the improper use of a guard rail, and also as to the improper use of a T-rail; but the trial court rightly held, I think, that the T-rail was properly used, and that the guard rail was one that was commonly used in such construction. The burden of plaintiff's proof, however, was to the effect that the defendant had allowed the planking by the side of the rail, which had been originally placed for the purpose of bridging up to the rail, to become, through negligence, out of repair. The proof tended to show that a depression was thus caused, by which the plaintiff's cutter was overturned.

The plaintiff was a servant in the employ of one of the professors of the university living upon the campus. Her sister was a servant in Sage College, one of the university buildings. Plaintiff had procured this horse and cutter, and had taken her sister out into the country. She had just returned, and left her sister at Sage College, and was proceeding toward her own home, when she ran into the track, which overturned her cutter and caused the accident. The horse and cutter were owned by a liveryman, who assigned his claim to the plaintiff. Under these circumstances the learned trial court held that the plaintiff was a mere licensee, and that the defendant company owed her no duty of active diligence, and therefore, for any negligence in allowing this planking to become out of repair, neither the plaintiff nor the owner of the horse and cutter had any right of action.

From the evidence in the case it appeared that the service at Sage College was under a contract, and that plaintiff's sister was in the employ of a contractor with the university.

The owner of premises owes a duty of reasonable care to those who are invited upon such premises either expressly or impliedly, and this duty is owing to the servant of an independent contractor at work upon such premises. 1 Thomp. Neg. § 979; Mason v. Tower Hill Co., 83 Hun, 479, 32 N. Y. Supp. 36.

Cornell University, then, owed a duty of active diligence to the plaintiff, who was impliedly invited to use the premises both as the servant of one of its professors, living upon the campus, and as lawfully upon the grounds in the service of her sister, who was employed at Sage College. If, therefore, Cornell University had negligently constructed this road, or had negligently suffered the same to become out of repair, by which negligence plaintiff had suffered, she would have a right of action against the university for her dam-

ages. But this defendant was, by contract with the university, in occupancy of this street, with at least a joint duty with the university to keep the same in good repair. From this occupancy springs a duty of reasonable care to those lawfully upon the premises upon the implied invitation of the University. It is not necessary to consider here what right would accrue to plaintiff from the defendant's covenant with the university to keep its structures in good order. See Clancy v. Byrne, 56 N. Y. 129, 15 Am. Rep. 391. The duty is imposed by the mere fact of occupancy. It is true that the horse and cutter did not belong to the plaintiff. It was used, however, by the plaintiff, and the owner of the horse and cutter has all the rights which the plaintiff would have against the defendant for negligence which caused injury thereto. These rights were passed to plaintiff by the assignment.

We think the learned trial court erred in dismissing her complaint.

Judgment and order reversed, and new trial granted, with costs to appellant to abide event. All concur.