REBECCA A. WOLF, Respondent, *v.* WALTER F. KILPATRICK et al., Impleaded, etc., Appellants.

The defendants who appeal were owners of certain premises in the city of New York which they leased to M., who, under and in accordance with a permit from the city, built vaults under the sidewalk in front thereof, with a coal-hole, which was properly constructed, and in the usual and permitted manner. Through the wrongful act of a stranger, who broke the stone supporting the iron cover of the coal hole, the cover turned when plaintiff stepped upon it and he fell and was injured. In an action to recover damages, it did not appear that the appellants had any knowledge or notice of the defect. *Held,* that they were not liable, and *it seems* they would not have been liable had they themselves constructed the vaults lawfully and with due prudence and care, and thereafter transferred pos-session of the premises to a third person without covenant on their part to

repair; that if the coal-hole became a nuisance after the stone was broken only the person who created the nuisance, or he who suffered it to continue was responsible, and that a party out of possession and control and who had no knowledge, actual or constructive, of the defect could not be said to have suffered it to continue.

A landlord out of possession is not responsible for an after-occurring nuisance unless in some manner he is in fault for its creation or continuance; the bare ownership will not produce this result.

*Clifford* v. *Dam* (81 N. Y. 52), *Anderson* v. *Dickie* (1 Robt. 238), *Dygert* v. *Schenck* (23 Wend. 445), *Congreve* v. *Morgan* (18 N. Y. 84), *Davenport* v. *Ruckman* (37 id. 568), *Swords* v. *Edgar* (59 id. 28), distinguished.

(Argued December 3, 1885 ; decided January 19, 1886.)

APPEAL by defendants, Walter F. and Frank J. Kilpatrick, from a judgment of the General Term of the Court of Common Pleas in and for the city and county of New York, entered upon an order made November 9, 1885, which affirmed a judgment in favor of plaintiff, entered upon a verdict.

This action was brought to recover damages for injuries sustained by plaintiff, who, in passing over the sidewalk in front of premises owned by the appellants in the city of New York, stepped upon the cover of a coal-hole opening into vaults under the sidewalk. The stone supporting the cover had been broken, and in consequence the cover turned as plaintiff stepped upon it, and she fell and was injured.

The further material facts are stated in the opinion.

*W. F. Mac Rae* for appellants. The coal-hole, having been constructed under license from the city, was not *per se* a nuisance, and responsibility for the injury to plaintiff could not be charged upon the Kilpatricks even as owners, except upon the theory of negligence, and no negligence was imputable to them. (*Ditchett* v. *Spuyten Duyvil R. R. Co.*, 67 N. Y. 425; *Swords* v. *Edgar*, 59 id. 35; *Gaudy* v. *Jubber*, 5 B. & S. 78; *Kirby* v. *Boylston Mk't Assn.*, 80 Mass. 251; *Menzler* v. *McCotter*, 87 N. Y. 122; *Ryan* v. *Wilson*, id. 471.) At common law the occupier and not the landlord is bound, as between himself and the public, so far to keep the premises in repair that they may be safe for the public, and such occupier

is *prima facie* liable to third persons for damages arising from any defect. (*Payne* v. *Rogers*, 2 H. Blackst. 350; *Regina* v. *Watts*, 1 Salk. 357; *Blunt* v. *Aiken*, 15 Wend. 522; *Moody* v. *Mayor*, etc., 43 Barb. 282.)    The law has been so modified in this State as to make the landlord also liable in regard to nuisances on the premises, provided that said nuisances existed at the time the landlord parted with the possession of the premises, and that he derives a profit or benefit from the premises, such as receiving rents. (*Roswell* v. *Prior*, 12 Mod. 635; *Gaudy* v. *Jubber*, 5 B. & S. 485; *Fish* v. *Dodge*, 4 Denio, 311; *Anderson* v. *Dickie*, 1 Rob. 238; *Bellows* v. *Sackett*, 15 Barb. 96.)    If at the time the owner parts with the possession and control of his premises, they are in good condition, he will not be liable for damages resulting from a subsequent defect in the premises while they are in possession of a lessee. (*Ditchett* v. *Spuyten Duyvil R. R. Co.*, 67 N. Y. 425; *Clancy* v. *Byrne*, 56 id. 129; Cooley on Torts, 167.)

*H. Morrison* for respondent. · On "the sound and firm set earth" this respondent, as one of the public, had a right to walk, and any defect from its original undisturbed condition renders these appellants liable irrespective of the license of the mayor, etc., and the accompanying easements of coal-hole or slide to the excavated vault beneath. (*Anderson* v. *Dickie*, 1 Rob. 238; *Dygert* v. *Schenck*, 23 Wend. 446; *Congreve* v. *Morgan*, 18 N. Y. 75; *Clifford* v. *Dam*, 81 id. 52; *Davenport* v. *Ruckman*, 37 id. 568.)    That another person may be in possession, occupation or enjoyment, by the permission of the proprietor of the premises, does not affect the legal consequences of the original wrong to the public of being the owner of premises, which by defect become a dangerous pit-fall in a public highway. (*Storrs* v. *Utica*, 17 N. Y. 108; *Dalzell* v. *Md. & Cin. R. R. Co.*, 32 Ind. 45; *Whalen* v. *Gloucester*, 4 Hun, 25; *Chicago* v. *Robbins*, 2 Am. L. Reg. [N. S.] 535, 537; *State* v. *Dover*, 46 N. H. 452; *Rathburn* v. *Rathburn*, 6 Barb. 98.)

FINCH, J.   The defendants who appeal were shown to be the owners of premises which had vaults for the storage of coal extending under the sidewalk.   The plaintiff was injured by a defect in the stone supporting the cover of the opening which arose while such premises were in the occupation of one Macpherson and others who were tenants having entire control of the premises.   The defect was not one of original construction, but occurred through the act and interference of third persons engaged in building the elevated railway, and who broke the stone supporting the iron cover so that it turned under plaintiff's weight and occasioned the injury.   We do not know at what time, prior to the accident, the defendants became owners. The building and the vault were constructed by Macpherson, and if, at the time, the appellants were owners, and responsible for the work actually done, it is still established that the vaults were built under a permit from the city and in accordance with that license.   The coal-hole and its cover were safely and properly constructed, and in the usual and permitted manner.   The case is not, therefore, within the doctrine of *Clifford* v. *Dam* (81 N. Y. 52), and the kindred authorities cited by the respondent.   In that case no permission or license from the municipality to make the excavation was either pleaded or proved, and the construction of the vaults was an unauthorized wrong and a nuisance, for the consequences of which the owner was responsible irrespective of the question of negligence.   There was the same lack of special authority in most of the other cases to which we are referred. (*Anderson* v. *Dickie*, 1 Robt. 238 ; *Dygert* v. *Schenck*, 23 Wend. 445, 446 ; *Congreve* v. *Morgan*, 18 N. Y. 75, 84.)   Nor is the case one in which the owner or landlord has let the premises when in a defective and dangerous condition (*Davenport* v. *Ruckman*, 37 N. Y. 568), for the proof establishes no such ground of liability. The evidence does not disclose the precise legal relation existing between the occupants and owners.   The former were tenants of some kind, although it does not appear that any rent was reserved or paid to the owners, or that the latter were ever in possession at all.   On the contrary, Macpherson testified that

from the time he built the houses, which was in 1857, to the time of the accident he had the care and control of the premises both as owner and occupant. So that the recovery must stand, if at all, upon the sole ground that an owner, who has constructed vaults under the sidewalk lawfully and with due prudence and care, and transferred possession of the premises, if he ever had it, to third persons without covenant on his part to repair, is liable for a defect in the vault covering which afterward occurs through the interference of a stranger, although he may have had neither notice nor knowledge of the defect. The court went so far in the case as to charge that "if the plaintiff sustained injury by reason of the defective condition of said coal-hole and without contributory negligence that said defendants Kilpatrick are liable in damages," to which there was an exception. The court was asked to charge "that notice of the alleged condition of the coal-hole must have been given to the Kilpatricks before they could be held liable as owners, when the possession was in Macpherson;" and that "if Macpherson was in the control and care of said premises, and deriving all the benefit therefrom, he alone is liable to the plaintiff." These requests were refused, and the appellants excepted. The basis on which the case was sent to the jury was still more clearly developed in the course of the charge. After stating the liability of the city as founded upon negligence, and involving notice, actual or constructive, of the alleged defect, the learned court added: "The law is a little more severe with respect to the owners of the premises for whose benefit this hole in the sidewalk has been authorized. It holds them to a stricter liability; a party injured by falling through any coal-hole in the sidewalk is not bound in the case of the owner of the premises to show that the owner had notice that the hole was out of repair. It appears, according to the current of decisions, that the owner of the premises is bound to see that the coal-hole and cover over it affords just as safe a passage to the wayfarer as any other portion of the sidewalk. Therefore, the question with respect to these defendants who are the owners of the property is simply how much they should be re-

quired to pay the plaintiff." The doctrine of the trial court was thus made extremely plain. It went upon the ground that the defect in the vault-stone was a nuisance for which the vault owner was responsible, though out of possession and control, without the least knowledge of the fact, and when the defect was produced by the interference and misconduct of strangers.

It may be that the condition of the coal-hole in the sidewalk became a nuisance, while Macpherson was in possession, and after the stone was broken. (*Swords* v. *Edgar*, 59 N. Y. 28, 34.) But if so, the party responsible can only be the person who either creates the nuisance, or suffers it to continue. The owners did not create it; that was the wrongful act of strangers. How can it be said that they suffered it to continue and so failed in their duty if they had no knowledge, actual or constructive, of the defect, and were out of possession and control? That can only be true on the theory that every owner of rented property in New York is bound to watch the sidewalks and coal-holes in front of his premises and protect them against unauthorized trespasses, and is bound to know when such a trespass is committed. We are aware of no case which goes so far as that. In *Swords* v. *Edgar* (*supra*), the premises were a pier upon which the public having business were invited to go, and which became dilapidated whereby injury arose. That condition was denominated a nuisance for which, primarily, the lessee in the actual occupation was liable; and he was held to be so liable independent of any covenant to repair and solely by force of the occupancy. But it was also held that the lessors were liable, and upon the ground that the pier was unsafe when demised, and they took a rent for it in that condition. The whole drift of the opinion shows that the landlord out of possession is not responsible for an after-occurring nuisance unless in some manner he is in fault for its creation or continuance. His bare ownership will not produce that result. It was said in *Clifford* v. *Dam* (*supra*), that proof of authority from the municipality to build the vault would mitigate the act from an absolute nuisance to an act involving care in the construction and main-

tenance. In *Clancy* v. *Byrne* (56 N. Y. 129, 133), it was held that if the premises are in good repair when demised, but afterward become ruinous and dangerous, the landlord is not responsible therefor either to the occupant or the public, unless he has expressly agreed to repair or has renewed the lease after the need of repair has shown itself. In the recent case of *Edwards* v. *N. Y. & H. R. R. Co.* (98 N. Y. 245, 248) the circumstances under which the landlord may become liable are very fully considered with the declared result that " the responsibility of the landlord is the same in all cases. If guilty of negligence or other *delictum* which leads directly to the accident and wrong complained of, he is liable ; if not so guilty, no liability attaches to him." It is quite certain then that the plaintiff in this case was bound to establish some fault of omission or commission on the part of the landlord leading to the injury, and barely showing him to be owner is not enough. There was no fault of commission. That is conceded. There could be no fault of omission unless the landlord was bound to repair the defect, had actual or constructive notice of its existence, or was bound at his peril to discover and remedy it. No such duty rested upon him. It was the tenant's duty to repair the stone ; it was his neglect which left it unsafe ; and the landlord was not shown to be in any respect in fault. The charge made him liable barely from the fact of ownership, and was erroneous.

The judgment should be reversed and a new trial granted, costs to abide the event.

All concur.

Judgment reversed.