JANE J. WORAM, APPELLANT, *v.* WILLIAM NOBLE, RESPONDENT.

*Defective cover to a coal hole under the sidewalk — when one purchasing the premises, subject to a lease, is not liable for injuries resulting from such defect, when ignorant of it.*

This action was brought to recover the damages resulting to the plaintiff from an injury sustained by a fall through a coal-hole in the sidewalk in front of the defendant's premises, in the month of April, 1884. The coal-hole was circular, having a diameter of about fifteen inches, a groove being cut in the stone around its edge to receive and hold the cover. At the time of the accident the stone on the southerly side of the cover had sunk so as to allow the cover to tilt when trodden upon in a certain way, or in a certain place where the stone had sunk. The cover tipped when the plaintiff stepped upon it and her right leg went into the hole, and the upper part or edge of the cover struck her inflicting the injury complained of.

Upon the trial of this action brought by her to recover damages for the injuries so sustained, it appeared that the defendant became the owner of the premises

in September, 1883, subject to a lease to a tenant expiring May 1, 1884, which required the tenant to make all repairs. The coal-hole was then in the sidewalk, but it had not been constructed by the defendant, nor did he have any notice or knowledge of its defective condition, although the tenant had noticed the depression in the stone about a year previous to the accident.

*Held,* that although it must be assumed, in the absence of proof of a permit for the construction of the coal-hole, that it became a nuisance after the subsidence of the stone which formed the bed of the cover and gave it support and security, yet the defendant could not, in the absence of any evidence to show that he was responsible for its construction, or had knowledge of its defective condition, be held liable for the injuries sustained by the plaintiff.

APPEAL from an order, entered at the Kings County Circuit, setting aside the verdict of a jury in favor of the plaintiff, and directing judgment for the defendant, and from the judgment entered thereon.

*Charles J. Patterson,* for the appellant.

*John H. V. Arnold,* for the respondent.

DYKMAN, J. :

This action was commenced for the recovery of the damage resulting to the plaintiff from an injury sustained by a fall through a coal-hole in the sidewalk in front of the defendant's premises in the month of April, 1884.

The defendant became the owner of the property by a conveyance to him in September, 1883. It was conveyed subject to a mortgage and also subject to a lease expiring May 1, 1884, and the lessee under that lease continued in the occupation of the premises until the expiration of his lease, and was in such occupation at the time of the accident. By the terms of the lease the lessee was to make all repairs.

The coal-hole was circular, about fifteen inches in diameter, and the cover laid in a groove cut in the stone around the edge of the hole to receive and hold it. At the time of the accident the stone on the southerly side of the cover had sunk so as to allow the cover to tilt when trodden upon in a certain way or in a certain place where the stone had sunk. The depression in the stone was noticed by the tenant about a year previous to the accident. The cover tipped when the plaintiff stepped upon it, and her right limb went into the

hole, and the upper part or edge of the lid struck her and inflicted the injury complained of, the cover itself was not defective.

The coal-hole was in the sidewalk when the defendant became the owner of the premises, but he did not construct it and knew nothing of it in any way, and had no notice or knowledge of its defective condition previous to the accident. After his purchase he received the rent from the tenant until the expiration of his lease.

The trial judge refused to dismiss the complaint, and the jury rendered a verdict for the plaintiff, but it was turned to a verdict for the defendant by the judge, on the law, under a right reserved for that purpose, with the consent of the plaintiff. The appeal to this court is from that order.

There is no proof of permission to build the coal-vault or open the hole in the sidewalk, and no complaint of any defect in the original construction of either, and the depression in the stone which allowed the cover to tip on its edge was gradual and from natural causes, commencing while the premises were in the actual occupation of a tenant before the defendant became the owner thereof.

While, therefore, it must be assumed, in the absence of proof of a permit for its construction, that the coal-hole became a nuisance after the subsidence of the stone which formed the bed of the cover, and gave it support and security, yet to impose liability upon the defendant for the disaster that befell the plaintiff, would be to hold him responsible for the nuisance when he had no agency in its creation, was without knowledge of its existence, derived no benefit from its continuance, and was destitute of authority for its abatement. Being innocent of everything but the ownership of the reversion at the time of the accident, no rule of justice requires a visitation of the consequences of the accident on the defendant, and nothing but a severe rule of law will justify a decision producing such a result. Our examination discloses no such rule, for while there have been many decisions in cases similar to this, yet we find no authority for holding a defendant liable for damages in a case parallel with this.

In the case of *Clancy* v. *Byrne* (56 N. Y., 129) the judge who wrote the opinion of Court of Appeals made the following specification of the grounds of liability of defendants in cases similar to this, viz. : " That he owned or had right in the premises, and leased them with the nuisance upon them; that he was in the possession of the

premises and used them in their defective condition; that he was under a contract enforceable by plaintiff to keep the premises in repair and failed so to do; that he, in the first instance, created the nuisance, and put it in the power of others to continue it; or that being a municipal corporation there was a duty upon it to repair." This is a comprehensive classification, but the facts of this case disclose no ground of liability therein laid down. The case falls within neither class, and we have found no case similar to this in which a liability has been imposed.

In the cases of *Dygert* v. *Schenck* (23 Wend, 447); *Congreve* v. *Morgan* (4 Duer., 439; 5 id., 495); *Congreve* v. *Smith and another* (18 N. Y., 79, 84); *Clifford* v. *Dam* (81 id., 52), the obstructions causing the injuries were created by the defendants, who utilized them or leased them in connection with their premises.

In the case of *Davenport* v. *Ruckman* (37 N. Y., 568), the defendant Ruckman was the owner of the house and had allowed the cellar-way to become dangerous, and had leased the premises and put his tenant in possession while the premises were in that condition.

In the case of *Irvine* v. *Wood* (51 N. Y., 224), there was a recovery against both the landlord and the tenant, but the former abandoned his appeal and the decision is authority only against a tenant, and it was said in the opinion that the "liability attached not only to those who made the excavation, but to those who continued and used it in its improper and unsafe condition."

In the case of *Anderson* v. *Dickie* (26 How., 105), the owner constructed the coal-vault under the sidewalk for his own convenience and covered it with an insecure circular grating, and then rented the premises.

In the case of *Swords* v. *Edgar* (59 N. Y., 34), the judge writing the opinion of the Court of Appeals said: "Where there has been a nuisance of continued existence upon demised premises, the lessor and the lessee may both be liable for damages resulting therefrom. The lessee in the actual occupation of the premises if he continues the nuisance after notice of its existence and request to abate it, and the lessor if he at first created it and then demised the premises with the nuisance upon them, and at the time of the damage resulting therefrom, is receiving a benefit therefrom by way of rent or otherwise."

In the case of *Edwards* v. *New York and Harlem Railroad Company* (98 N. Y., 249) it is said: " The responsibility of the landlord is the same in all cases. If guilty of negligence or other *delictum*, which leads directly to the accident and wrong complained of, he is liable; if not so guilty, no liability attaches to him."

In the case of *Wolf* v. *Kilpatrick*, in the Court of Appeals (101 N. Y., 146), which was an accident case similar to this, it was said: " The recovery must stand, if at all, upon the sole ground that an owner who has constructed vaults under the sidewalk lawfully and with due prudence and care, and transferred possession of the premises, if he ever had it, to third persons without covenant on his part to repair, is liable for a defect in the vault covering which afterwards occurs through the interference of a stranger, although he may have had neither notice nor knowledge of the defect." Again, in the same case, it is said: " It may be that the condition of the coal-hole in the sidewalk became a nuisance while Macpherson was in possession, and after the stone was broken. (*Swords* v. *Edgar*, 59 N. Y., 34.) But if so, the party responsible can only be the person who either creates the nuisance or suffers it to continue. The owners did not create it; that was the wrongful act of strangers. How can it be said that they suffered it to continue and so failed in their duty, if they had no knowledge, actual or constructive of the defect, and were out of possession and control." The judgment for the plaintiff in that action was reversed and the doctrine of the decision is in favor of the defendant in this case.

In the case of *Conhocton Stone Road* v. *Buffalo, New York and Erie Railroad Company* (51 N. Y., 582) it was decided by the Commission of Appeals that proof of the mere continuance of a nuisance on the land of a defendant, without such knowledge or notice of its existence as to charge him with fault for such continuance, was insufficient to maintain an action therefor. This review of the authorities manifests the establishment of the law in our State on a basis that administers relief and affords protection to all; while it imposes liability for wrong and negligence, it exacts no unreasonable vigilance and creates no responsibility where neither wrongful action nor negligent omission are established. We find no judicial decision and no principle enunciated in any elementary work that

SECOND DEPARTMENT, JULY TERM, 1886.

will furnish a basis for a recovery against the defendant in this action. He did not construct the work that became a nuisance, and he did not continue it in any legal sense as we have already seen.

We are, therefore, conducted to the conclusion that the judgment and order appealed from should be affirmed, with costs.

BARNARD, P. J., concurred; CULLEN, J., not sitting.

Order setting aside verdict and directing judgment for defendant, and judgment therein affirmed, with costs.