LOUISA STER, APPELLANT, v. CATHARINE TUETY, RESPONDENT.

*Accident — proof of other persons having fallen at the same place at which the plaintiff was injured.*

Upon the trial of this action, brought by the plaintiff to recover damages alleged to have been sustained by falling upon the sidewalk in front of premises owned by the defendant, because of a defect therein, it appeared that the defendant had let a contract to a builder to construct a house on her property, and that the sidewalk, which was constructed of planks lying crosswise upon stringers embedded in the earth, was taken up to enable the builder to excavate the foundation and take in the material required to erect the building. The plaintiff, while passing in the evening along the portion of the sidewalk from which the planks had been removed, stubbed her foot against the plank where the walk again commenced and fell, receiving the injuries to recover damages for which this action was brought.

Upon the trial the plaintiff's attorney offered, but was not allowed, to prove " that other persons, passing back and forth over this walk, fell on the same spot where the accident occurred to the plaintiff, while the walk was in the condition described."

*Held*, that as no question was put to any witness the offer, which was made the basis of error, should be strictly construed.

That as no reference was made in the offer to the character or condition of the persons, and the time when and the conditions under which they had fallen the court did not err in excluding the evidence.

*Quinlan* v. *City of Utica* (11 Hun, 217); affirmed, 74 N. Y., 603; *District of Columbia* v. *Armes* (107 U. S. R., 519–525); *Pomphrey* v. *Village of Saratoga Springs* (10 Eastern Rep., 357) distinguished.

APPEAL from a judgment in favor of the defendant entered upon a verdict rendered at the Monroe Circuit, and from an order denying a motion for a new trial.

*William E. Werner*, for the appellant.

*Martin W. Cooke*, for the respondent.

HAIGHT, J.:

This action was brought to recover damages which the plaintiff is alleged to have sustained by falling upon the sidewalk in front of the defendant's premises on Saxton street, in the city of Rochester, because of a defect in the walk. The defendant was the owner of the premises abutting upon the walk in question, and had let a contract to a builder to construct a house thereon. The sidewalk in front of the premises was constructed of planks, laying crosswise upon stringers embedded in the earth. The contractor in removing the earth for the foundation, and taking in the materials for the building, had to cross the walk in question with teams. In order to do so, a portion of the walk was taken up. The plaintiff, whilst passing along the walk on or about the first day of July, 1885, in the evening, passed over that part which had been taken up, stubbed her foot against the plank where the walk again commenced, and fell, breaking a finger and receiving other injuries. Upon the trial the jury found a verdict for the defendant. It is now claimed that the judgment should be reversed, because of errors of the court in the exclusion and admission of evidence, and in refusing to charge as requested.

Upon the trial the defendant was permitted to prove that she had entered into a contract with one Stalker to build a house for her upon her lot on Saxton street; that he entered into possession of the premises and constructed the house, and that the walk in question was taken up by those doing the mason work for him. This evidence was taken under the plaintiff's exception, and it is now contended that it was improperly received. The defendant, in her answer, alleged that she had let a contract to construct a building for her, and that the contractor had taken possession of the whole of the premises under the contract, and that she was not in possession of the premises at the time of the plaintiff's accident, and had no notice of any defect of any kind in the sidewalk, and denies that she ever took up or removed, or caused to be taken up or removed, any portion of the sidewalk in front of the premises, and never authorized the same, directly or indirectly. The defendant had the right to establish this defense if she could, and evidence bearing thereon was properly admitted by the court. If she could have shown that the premises had been let by her to another, who

had entered into the exclusive and entire possession thereof, with the right to control the same, and, after acquiring such possession, had removed the sidewalk without the knowledge or consent of the defendant, that she had no notice, actual or constructive, of such removal, then it would have amounted to a defense, so far as she was concerned. ( *Wolf* v. *Kilpatrick*, 101 N. Y., 146-151.)

But the defendant failed to establish her defense in this regard, and the court instructed the jury that by making the contract she did not relieve herself from the responsibility of keeping the sidewalk in a reasonably safe condition for persons traveling thereon. The court could not determine in advance that the defendant would fail in this regard. The evidence was properly received, and after it was received, the court very properly held that she was not relieved from liability because of the contract.

A more serious question is presented in the exclusion of evidence as to other persons falling on this walk. The plaintiff asked the witness Bertha Stapel the question, " Do you know of any other person who stumbled or fell at this walk ?" The question was objected to, but the case does not show that the court ruled thereon. The plaintiff's attorney then offered to show "that other persons passing back and forth over this walk fell on the same spot where the accident occurred to the plaintiff while the walk was in the condition described." This was excluded, and exception taken. And, again, of the witness Adeline Frank, the question was asked, " Did you ever stumble and fall at that place ?" And she answered " Yes, sir." This was stricken out, and exception taken. Inasmuch as this question did not refer to the time or condition that the walk was in at the time that the witness Frank fell, the exception taken to the striking out of the answer is unavailable to the plaintiff; and the question resolves itself into the inquiry as to whether or not it was error to exclude the evidence embraced in the offer.

In the case of *Quinlan* v. *The City of Utica* (11 Hun, 217), the condition of the walk was very fully and minutely described by the witnesses ; and photographs, measurements, and a model of the surface of the walk, showing its elevations and depressions, were put in evidence. The testimony showed that for several years immediately preceding the accident, including the various times to which the testimony under consideration referred, the walk was in

the same condition that it was in when the plaintiff received her injuries. It was held, under these circumstances, that evidence that others had slipped and fallen at the place in question was competent, on the ground that it tended to show that the walk, tested by actual use, had been demonstrated to be in unsafe and improper condition, and that such was its condition at the time when the plaintiff was injured. This case was affirmed by the Court of Appeals (74 N. Y., 603), and has been approved by the Supreme Court of the United States in *District of Columbia* v. *Armes* (107 U. S., 519–525); *Pomphrey* v. *Village of Saratoga Springs* (10 Eastern Rep., 357), and has been followed in other cases. The rule is, therefore, too firmly established to be questioned here. But we are inclined to the opinion that the rule should not bé enlarged so as to raise numerous collateral issues; for if the walk was not in the same condition, or if the other persons who had fallen were intoxicated, aged and infirm, the evidence might mislead and do harm instead of tending to show the actual condition of the walk. The offer is to show that other persons passing back and forth over this walk had fallen, etc., while the walk was in the *condition described*. No such question was put to any witness, and an offer which is made the basis of error, should be strictly construed.

The character or condition of the persons, the time when and the conditions under which they had fallen does not appear in the offer. It is true that the offer states the " condition described," but on referring to the evidence of the witness Staple, just preceding the offer, and who was then upon the stand, we find three conditions of the walk described. In the first place, a portion of the walk was taken up and it was leveled off with dirt taken from the cellar; after that another portion of the walk was taken up and the walk left at the end was above the ground some distance, which the witness appears to have indicated, but which does not appear in the case, and afterwards an entire new walk was constructed of plank. It will thus be observed that the words " condition described" appearing in the offer, do not necessarily confine the evidence offered to the condition that the walk was in at the time the plaintiff fell, and we are consequently inclined to regard the offer as falling short of the rule laid down in the case of *Quinlan* v. *The City of Utica.*

In submitting the case to the jury the court was requested to charge that the taking up of the walk was a wrongful act, and if done by the authority or permission of the defendant, or if allowed to remain by her after a discovery of the fact, or after such a reasonable length of time had elapsed that she ought to have known its condition, she was liable for any injury which occurred by reason of it, irrespective of the question of negligence on the part of the plaintiff or defendant. This request was declined, and exception was taken by the plaintiff. The main question tried and submitted to the jury was as to whether or not the walk was in a reasonable safe and proper condition at the time of the plaintiff's alleged injury. Upon this branch of the case there was considerable conflict in the testimony. That upon the part of the plaintiff tending to show that the walk that was left after the removal of the planks was four or five inches from the ground; that it was up upon stringers so that a foot could catch under the plank, whilst on the part of defense the evidence tended to show that the stringers upon which the planks rested were embedded in the ground; that the planks rested upon the earth, and that the grass and sod had grown over the end, so that the elevation from the earth of the walk to the top of the plank was but a part of an inch. This question was carefully tried and properly submitted to the jury. The removing of a sidewalk is not wrongful under all circumstances. It appears that the defendant caused a new walk to be constructed in the place of the old one. The old walk of necessity had to be removed in order to give place to the new. In the construction of buildings in crowded cities it often becomes necessary to temporarily remove a sidewalk in order to excavate cellars and carry in the material used in the construction of the buildings. Such temporary removal does not constitute a nuisance, but the person doing it is bound to properly guard and furnish reasonably safe passage for the public; and if such provision is made he is not chargeable with a wrongful act or with creating a nuisance, and unless the act was wrongful, or a nuisance was created, the question of negligence was involved in the case.

The judgment and order should be affirmed.

SMITH, P. J., and BRADLEY, J., concurred.

Judgment and order affirmed.