SCHWARTZ v. MONDAY.

(Supreme Court, Appellate Term. February 27, 1906.)

1. LANDLORD AND TENANT—DEFECTIVE PREMISES—KNOWLEDGE OF DEFECT—EVIDENCE.

In an action against a landlord for injury to plaintiff caused by an alleged defect in the roof of the premises, evidence *held* insufficient to establish defendant's knowledge of the defect.

2. SAME—CARE REQUIRED.

    A landlord is bound to exercise reasonable care and prudence to keep the roof of the rented premises in a reasonably safe condition.

    [Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Landlord and Tenant, § 629.]

3. SAME—CARE OF LANDLORD.

    Where a landlord caused rented premises, including the roof and wash deck, to be examined every month by a carpenter in her employ, who had repaired the roof and examined all the slats thereon about four weeks before the accident occurred, she was not guilty of negligence, rendering her liable for injuries to plaintiff, alleged to have been caused by one of the slats on the roof being loose.

    Appeal from Municipal Court, Borough of Manhattan, Fifth District.

    Action by Celia Schwartz against Lena Monday. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Reversed.

    Argued before SCOTT, P. J., and GIEGERICH and GREENBAUM, JJ.

    William L. Kiefer, for appellant.

    Charles D. Rosenthal, for respondent.

    GREENBAUM, J. The only testimony bearing on the defendant's knowledge of the defective condition of the roof where the accident resulting in plaintiff's injuries occurred is that of the plaintiff's son-in-law. This witness testifies that two or three weeks prior to the date of the accident some slats on the roof were loose, and that he notified defendant of the fact. He fails, however, to indicate the part of the roof where he found the loose slats, or to identify the particular slat which caused the accident as one of those to which he called defendant's attention, though he was at the scene of the accident immediately thereafter, and was in a position to so identify it if such were the fact. His testimony is therefore insufficient to charge defendant with knowledge of the particular defective slat which caused the injury. Henkel v. Murr, 31 Hun, 28; Dollard v. Roberts, 130 N. Y. 273, 29 N. E. 104, 14 L. R. A. 238. It was defendant's duty to keep the roof in a reasonably safe condition, and the measure of this duty was reasonable care and prudence. Alperin v. Earle, 55 Hun, 211, 8 N. Y. Supp. 51; Dollard v. Roberts, supra. The defendant fully met the obligation thus imposed upon her by uncontradicted evidence showing that the premises, including the roof and the wash deck, were examined every month by a carpenter in her employ, who had repaired the roof and examined all the slats thereon on or about May 10, 1905, about four weeks before the accident occurred.

    In my opinion, the judgment appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

    SCOTT, P. J., concurs. GIEGERICH, J., concurs in the result.