(87 Misc. Rep. 105)

### CLIFTON v. MACKAUF.

(Dutchess County Court. October, 1914.)

LANDLORD AND TENANT (§ 166*)—DEFECTIVE PREMISES—DAMAGES—LIABILITY OF LANDLORD.

    Where a landlord is under no express obligation to make repairs, he is not liable for damages to a tenant's goods from water from a defective leader pipe located in a portion of the building which he reserved for common use of his tenants, in the absence of proof that the condition of the pipe had been such as to charge him with an unreasonable omission to ascertain its condition and remedy the defect.

    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 647–655, 657–660; Dec. Dig. § 166.*]

Action for rent by John Clifton against Rose H. Mackauf. Decision for plaintiff.

A. H. F. Seeger, of Newburgh, for plaintiff.
Schlosser & Donnelly, of Beacon, for defendant.

ARNOLD, J. This action was brought to recover rent due. The defendant counterclaimed for damages she sustained in consequence of water which came upon the floor of the demised premises from the area way in the rear, and she alleges that because of the relations existing between the plaintiff and herself, to wit, landlord and tenant, the plaintiff as such landlord is responsible for the damages she suffered.

The plaintiff established his cause of action to my satisfaction and is entitled to recover for five months' rent at $21 per month for the store, $105, and $10 per month for five months' rent of rooms, $50, making a total of $155.

The defendant alleges tender to defeat the recovery of rent; but as the payment was sought to be made by check, and concededly the defendant did not keep her account good, and did not make her tender good previous to the commencement of the action, I do not find her defense proven, and therefore dismiss it from further consideration.

The material question to be decided is: Can the plaintiff be held responsible for the injury to defendant's goods? The plaintiff owned a building in Beacon City, consisting of four stores on the ground floor, with living apartments over them. The defendant occupied one of

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

these stores, and the plaintiff lived in one of the apartments over the store.

The water from the roof of the entire building is taken by a single leader sufficient in size to carry the water away, and this leader runs down the building at or about the premises leased to the defendant, and then passes over an area way, about 10 or 12 feet wide and 10 or 12 feet high, to a cistern. This area way runs entirely across the end of the building and is for the use of all the tenants of the stores. The apartments over the stores do not connect with this area way. At one end of the area way is a drain opening of sufficient capacity to keep the area way free from water if unobstructed.

The damage in question occurred on January 24, 1914, and was occasioned by a leak in the leader, which permitted the water to escape therefrom into this area way, and this water, with other water which had accumulated in the area way owing to the hard rainstorm of that day, ran over the areaway into defendant's store.

Two or three days previous to the said 24th day of January, some water had accumulated in the area way and the defendant complained to the plaintiff, who thereupon cut a ditch into the ice and made a runway for the water to the drain and no damage occurred. It is not contended that the accumulation at that time was in any way due to the defective leader, and the plaintiff's contention is that because of the extreme cold weather following a thaw the leader was burst on the 24th, and that he had no knowledge of its condition until the damage occurred.

The defendant does not claim that there was any express obligation on the part of the landlord to make any repairs, and it has been settled by numerous authorities in this state that unless there is such an agreement the landlord is not bound to repair. Witty v. Matthews, 52 N. Y. 512; Clancy v. Byrne, 56 N. Y. 129, 15 Am. Rep. 391; Trustees of Canandaigua v. Foster, 156 N. Y. 354, 50 N. E. 971, 41 L. R. A. 554, 66 Am. St. Rep. 575; Wolf v. Kilpatrick, 101 N. Y. 146, 4 N. E. 188, 54 Am. Rep. 672; Jaffe v. Harteau, 56 N. Y. 398, 15 Am. Rep. 438.

Can the plaintiff be held liable on the general principle of negligence because of the common use of the area way and the reservation by him of such use for the benefit of his tenants? The duty he owed the defendant under such circumstances was to keep the leader and area way in a reasonably safe condition, and the measure of that duty is reasonable care and prudence. Alperin v. Earle, 55 Hun, 211, 8 N. Y. Supp. 51; Schwartz v. Monday, 49 Misc. Rep. 527, 97 N. Y. Supp. 978; Peil v. Reinhart, 127 N. Y. 384, 27 N. E. 1077, 12 L. R. A. 843. In Hanselman v. Broad, 113 App. Div. 448, 99 N. Y. Supp. 405, the court say:

"I think that the rule of liability is well stated in Alperin v. Earle, 55 Hun, 211 [8 N. Y. Supp. 51]. * * * The landlord is responsible for injuries to his tenants resulting from the dangerous condition of those parts of the building which he reserves for the common use and over which he retains control, but only when he has been guilty of actual negligence with regard thereto. To bring him within this rule, 'it must appear,' as was said in Henkel v. Murr, 31 Hun, 30, 'that with some notice of the condition of things, or under some circumstances equivalent to notice, such as an unreasonable omission to ascertain the condition, he had failed to make the necessary repairs or changes called for by the condition or exigency.' This is the fair rule."

In the case under consideration there is no evidence that the leader was defective prior to January 24, 1914, the day the goods of defendant were damaged, nor was there anything shown as to the condition of the leader and area way equivalent to notice, or to charge the plaintiff with an unreasonable omission to ascertain the condition thereof, and I therefore conclude that the defendant has failed to establish a counterclaim, and it should be dismissed.

Ordered accordingly.