PAULINE STORK, Respondent, *v.* JACOB DORN, Appellant.

FRANK STORK, Respondent, *v.* JACOB DORN, Appellant.

First Department, April 3, 1925.

Negligence — action for injuries suffered by fall on loose coal hole cover in sidewalk of defendant's premises — coal hole led into part of premises occupied by tenant having sole possession and control — action submitted on theory of negligence — defendant not liable.

Defendant is not liable on the theory of negligence for injuries suffered by the plaintiff by reason of a fall on a loose coal hole cover in the sidewalk of the defendant's premises, where the coal hole led into a part of the premises occupied by a tenant having sole possession and control of said premises and said coal hole, and the only act of negligence claimed was the failure to keep the coal hole cover properly placed and fastened.

APPEAL in each of the above-entitled actions by the defendant, Jacob Dorn, from a judgment of the Supreme Court in each action in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 23d day of May, 1924, upon the verdict of a jury for $2,000 in the first above-entitled action and for $500 in the second above-entitled action.

*Theodore H. Lord [Fred H. Rees* with him on the brief], for the appellant.

*Arthur J. Levine [Harold R. Medina* of counsel], for the respondents.

MARTIN, J.:

In the forenoon of August 22, 1921, the plaintiff Pauline Stork, while walking south on First avenue between Eighty-eighth and Eighty-ninth streets, in the borough of Manhattan, New York city, fell on a loose coal hole cover in front of a bakery on the west side of the avenue.

The case was submitted to the jury solely on the theory of negligence. At the opening of the trial a motion was made to dismiss the complaint. The following is from the record: " The Court: What is it, negligence or nuisance? Mr. Jenkins: The action is based on negligence * * *."

All of the parties proceeded to trial upon the theory of an action to recover for negligence and not one based on nuisance.

The defendant, the owner of the premises, testified that he had conducted the bakery from 1887 to 1912, then selling it and moving to New Jersey. He continued to own the building; but from that time the bakery was conducted by various persons.

The coal hole in the sidewalk led into a part of the premises

occupied solely by the baker. It served only the bakeshop. No steam or hot water was furnished to any of the tenants in the building.

The defendant offered in evidence a lease of the premises from him as landlord to John F. Schweitzer as tenant, dated October 30, 1920. He testified that Schweitzer went into possession thereunder and operated the bakery for a short time. Then Engen conducted it, then Koenig and then Wagner.

The tenant Wagner, who was in possession at the time of the accident, testified that he paid rent to the defendant; that after the accident he went down into the cellar, and that he found the chain fastened, but slack, not taut.

The testimony in this case indicates but one act of negligence, the failure to keep the coal hole cover properly placed and fastened. There is no evidence whatever of disrepair. The evidence shows it was not fastened as it should have been. The case having been tried on the theory of negligence and having been submitted to the jury upon that theory, and the charge having clearly defined the issues, the verdict must now stand or fall upon the proof of negligence chargeable to defendant.

The janitor who took care of the building, including the hallways and sidewalks, had nothing whatever to do with the coal hole cover.

In *Jennings* v. *Van Schaick* (108 N. Y. 530, 532) the court said: " Where an owner builds a coal-vault under or adjoining the sidewalk with an opening to the surface by the permission of the municipality, and constructs it in all respects safely and properly, and then rents the premises to a tenant who takes the entire possession and occupation, the landlord reserving no control, and the tenant in his use of the property carelessly leaves the coal-hole open whereby some one is injured, it is the tenant and not the landlord who is liable, since the latter has neither created nor maintained a nuisance, nor been guilty of any negligence or wrong."

In *Clancy* v. *Byrne* (56 N. Y. 129, 133) the court said: " The defendant, we have seen, was not the occupier at the time. He rather, though in fact the lessee thereof, stood in the position of landlord to the actual occupant and to third persons. As between him who is the landlord and owner, and him who is the lessee and occupant of premises, there is, in general, no obligation upon the former to keep them in repair, when he has made no express contract to that effect. And, if the premises are in good repair when demised, but afterward become ruinous and dangerous, the landlord is not responsible therefor, either to the occupant or to the public; unless he has expressly agreed to repair, or has renewed the lease

after the need of repair has shown itself. (*Todd* v. *Flight*, 9 C. B. [N. S.] 377, and cases cited there.) "

In *Edwards* v. *N. Y. & H. R. R. Co.* (98 N. Y. 245, 248) the Court of Appeals said: " If a landlord lets premises and agrees to keep them in repair, and he fails to do so, in consequence of which any one lawfully upon the premises suffers injury, he is responsible for his own negligence to the party injured. If he demises premises knowing that they are dangerous and unfit for the use for which they are hired, and fails to disclose their condition, he is guilty of negligence which will in many cases impose responsibility upon him. * * *. But where the landlord has created no nuisance, and is guilty of no wilful wrong or fraud or culpable negligence, no case can be found imposing any liability upon him for any injury suffered by any person occupying or going upon the premises during the term of the demise * * *." (See, also, *Wolf* v. *Kilpatrick*, 101 N. Y. 146.)

The tenant who occupied the bakery had sole possession and control of the coal hole in question. Any negligence proved was chargeable to the tenant and not to the landlord.

We have reached the conclusion, therefore, that the judgments should be reversed and a new trial ordered, with costs to the appellant to abide the event.

DOWLING, MERRELL, McAVOY and BURR, JJ., concur.

In each case: Judgment reversed and new trial ordered, with costs to appellant to abide the event.